```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

GENTIVA CERTIFIED HEALTHCARE CORP.                        PLAINTIFF

VS.                          CIVIL ACTION NO. 5:14-cv-97(DCB)(MTP)

ELIZABETH RAYBORN AND
ST. LUKE HOME HEALTH SERVICES, LLC                       DEFENDANTS

## ORDER

This cause is before the Court on defendants Elizabeth Rayborn ("Rayborn") and St. Luke Home Health Services, LLC (St. Luke")'s Motion in Limine **(docket entry 80).** Having carefully considered the motion and response, the memoranda and applicable law, and being fully advised in the premises, the Court finds as follows:

The plaintiff, Gentiva Certified Healthcare Corp. ("Gentiva") alleges that defendant Rayborn violated a non-competition agreement she signed prior to leaving her employment with Gentiva. Gentiva also asserts a claim for tortious interference with business relations against St. Luke, Rayborn's current employer.

In their Motion in Limine, the defendants seek to exclude certain testimony of Becky Currie ("Currie") at her deposition of July 10, 2015. Specifically, the defendants object to Currie's testimony that unidentified employees of Southwest Mississippi Medical Center, the entity that owns St. Luke, told her that they are forced to refer patients to St. Luke in violation of 42 U.S.C. § 1395nn (Limitation on certain physician referrals). The defendants also object to Currie's testimony that Gentiva

representatives have complained about the violations, but no action has ever resulted from the complaints.

The defendants seek to exclude the testimony on grounds that it is not relevant to any claim, defense or issue in this case, does not meet the relevancy test of Fed.R.Evi. 401, is not based on personal knowledge, is unfairly prejudicial, constitutes inadmissible hearsay, and is inadmissible character evidence. Further, the defendants object on grounds of Fed.R.Evi. 401, 402, 403, 404(b)(1), 701, 801 and 802.

In response, the plaintiff points out that this is a non-jury trial; therefore, "any pretrial ruling regarding the exclusion of certain pieces of evidence is unnecessary." Enniss Family Realty I, LLC v. Schneider Nat. Carriers, Inc., 2013 WL 28284, *1 (S.D. Miss. Jan. 2, 2013). Furthermore, a motion in limine serves no real purpose in a bench trial since "the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk." Id. (citing Cramer v. Sabine Transp. Co., 141 F.Supp.2d 727, 733 (S.D. Tex. 2001)).

The Court shall therefore deny the motion without prejudice. Nevertheless, the Court does not fault the defendants for bringing the issue to the Court's attention. In order to save time at trial, the Court requests that the plaintiff file a written response addressing the merits of the defendants' motion on or before January 20, 2016. The defendants may file a rebuttal if

needed.

Accordingly,

IT IS HEREBY ORDERED that defendants Elizabeth Rayborn and St. Luke Home Health Services, LLC's Motion in Limine **(docket entry 80)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that the plaintiff file a written response to the motion on or before January 20, 2016.

SO ORDERED, this the 13th day of January, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE